IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| ANTHONY BALLARD | NO. 07-549-10 |

**MEMORANDUM**

**Joyner, J.**                                                December 2 , **2020**

### Introduction

Mr. Ballard has met the procedural requirements of this motion.  To grant the motion on the merits we must find that: (1) extraordinary and compelling reasons justify reducing Mr. Ballard's sentence, (2) the applicable sentencing factors under 18 U.S.C. § 3553(a) warrant the reduction, and (3) Mr. Ballard is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g).  United States v. Nunez, No. CR 17-58-1, 2020 WL 5237272, at *4 (E.D. Pa. Sept. 1, 2020); United States v. Doe, No. 20-2650, 2020 WL 6328203, at *1 (3d Cir. Oct. 29, 2020) (per curiam) (finding defendant's risk of contracting COVID-19, the section 3553(a) sentencing factors, and danger to the community to be appropriate considerations in denying a motion for compassionate release).  We find that Mr. Ballard meets these requirements for compassionate release and we reduce the term of imprisonment to time already served.

**Extraordinary and Compelling Reasons**

Mr. Ballard's underlying health conditions, which place him at greater risk of serious illness or death from COVID-19, are extraordinary and compelling reasons justifying a reduction in sentence. The inquiry into extraordinary and compelling circumstances is fact specific and courts have varied widely in their reasoning and outcomes. It is clear, however, that we must consider in combination "the circumstances of the COVID-19 pandemic, the defendant's health conditions, the defendant's age and the risk of contracting COVID-19 at the defendant's facility." United States v. Babbitt, No. CR 18-384, 2020 WL 6153608, at *5 (E.D. Pa. Oct. 21, 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). Mr. Ballard is 50 years old and a longtime former smoker. He suffers from documented lung abnormalities, including pulmonary nodules and reticular scarring of the lungs. Malignancy has not been ruled out and he has a dry cough, decreased exercise tolerance, and shortness of breath. According to the Centers for Disease Control and Prevention ("CDC"), Mr. Ballard's history of smoking alone is sufficient to put him at "increased risk of severe illness from the virus that causes COVID-19." People with Certain Medical

2

Conditions, CDC https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 2, 2020). Courts have found defendants with conditions in the CDC's "increased risk" category, like smoking, to present extraordinary and compelling reasons for compassionate release. See, e.g., United States v. Rodriguez, 451 F. Supp. 3d 392, 400-01 (E.D. Pa. 2020) ("the outbreak of COVID-19 and [defendant's] underlying medical conditions that place him at a high risk should he contract the disease—present 'extraordinary and compelling reasons' to reduce his sentence"). Further, there is an "actual, non-speculative risk of exposure to COVID-19" at FCI Miami. United States v. Somerville, 463 F. Supp. 3d 585, 597 (W.D. Pa. 2020). Currently, 26 staff members and four inmates at FCI Miami have confirmed active cases of COVID-19. COVID-19 Cases, BOP https://www.bop.gov/coronavirus/ (last updated Nov. 24, 2020). Nationally, 145 federal inmates have died due to the virus and 23,444 inmates have tested positive. Id. Even with proper precautions, Mr. Ballard may contract COVID-19 at FCI Miami and his particular health conditions put him at increased risk of serious illness or death from the virus. The combination of Mr. Ballard's specific risk profile, the circumstances at FCI Miami, and the rising rates of the virus across the country, constitute extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i).

**<u>18 U.S.C. § 3553(a) Sentencing Factors</u>**

The section 3553(a) factors do not outweigh these extraordinary and compelling circumstances warranting compassionate release.  Before granting the motion, we must consider whether reducing Mr. Ballard's sentence would undermine the goals of his original sentence.  <u>United States v. Walls</u>, No. 2:12-CR-00173, 2020 WL 6390597, at *11 (W.D. Pa. Nov. 2, 2020).  Mr. Ballard has already served almost 13 years in prison or about 75 percent of his 204-month sentence.  His anticipated release date is July 29, 2022 and he is eligible for home confinement on January 29, 2022.  13 years of incarceration reflect the seriousness of Mr. Ballard's offense and provide sufficient punishment and respect for the law, while deterring similar criminal conduct.  Mr. Ballard has met the educational goals of sentencing, commendably participating in 28 courses and a drug education group.  Mr. Ballard's demonstrated rehabilitation will serve to protect the public from any future crimes.  Given the grave risk that continued incarceration poses in the current pandemic, serving the remainder of Mr. Ballard's original sentence is not necessary to comply with the purposes of sentencing.

**<u>Danger to the Community</u>**

Reducing Mr. Ballard's sentence does not pose a danger to the community or to an individual.  Before granting a sentence

4

reduction, this Court must determine that the defendant is not a danger to the safety of any other person or to the community, considering the 18 U.S.C. § 3142(g) factors.  United States v. Adeyemi, No. CR 06-124, 2020 WL 3642478, at *31 (E.D. Pa. July 6, 2020).  Mr. Ballard pled guilty to the nonviolent but serious offense of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and has two prior drug felony convictions.  Since the time of his crimes, Mr. Ballard has focused on his rehabilitation and has given no indication that he is currently a danger to the community.  In his almost 13 years in custody, Mr. Ballard has had only one nonviolent incident report and he has not had a disciplinary incident for seven years.  The numerous courses Mr. Ballard has taken in prison have contributed to his rehabilitation.  Mr. Ballard intends to live with his parents upon release and has already secured employment.  The many letters submitted to this Court from family and friends evidence Mr. Ballard's significant community support.  The ten-year term of supervised release previously imposed will further serve to protect the public.

## Conclusion

Finding extraordinary and compelling circumstances, considering the 18 U.S.C. § 3553(a) factors, and seeing no danger to the community, we grant the motion for compassionate release.  An Order follows.